# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ANDREW SALINGER, Individually
and on Behalf of All Others Similarly Situated,

        *Plaintiff*,

    v.

SAREPTA THERAPEUTICS, INC., DOUGLAS
S. INGRAM, and SANDESH MAHATME,

        *Defendants*.

---

Case No.: 1:19-CV-08122(VSB) (OTW)

 

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO TRANSFER VENUE TO THE DISTRICT OF MASSACHUSETTS
PURSUANT TO 28 U.S.C. § 1404(a)**

**TABLE OF CONTENTS**

**Page**

I.     PRELIMINARY STATEMENT ........................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND........................................1

III.   ARGUMENT...................................................................................................3

       A.     The District Of Massachusetts Is A Proper Forum Where This Case Could
           Have Been Brought.................................................................................3

       B.     The Relevant Factors Weigh Strongly In Favor Of Transfer To The
           District Of Massachusetts ......................................................................3

           1.     The Locus of Operative Facts Is In The District Of Massachusetts ...........4

           2.     Transfer To The District Of Massachusetts Will Serve The
               Convenience Of The Parties And Witnesses ...............................................5

           3.     Plaintiff's Choice of Forum Is Entitled To Virtually No Weight ................7

           4.     Trial Efficiency And The Interests of Justice Favor Transfer ....................7

           5.     The Remaining Factors Do Not Militate Against Transfer .........................8

IV.   CONCLUSION..............................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

## CASES

*Ahrens v. CTI BioPharma Corp.*,
    No. 16 Civ. 1044 (PAE), 2016 WL 2932170 (S.D.N.Y. May 19, 2016)................................5, 6

*Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*,
    457 F. Supp. 2d 474 (S.D.N.Y. 2006)................................................................................4

*Billing v. Commerce One, Inc.*,
    186 F. Supp. 2d 375 (S.D.N.Y. 2002)...............................................................................8

*City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*,
    No. 14-CV-3644 (VSB), 2015 WL 12659925 (S.D.N.Y. Apr. 30, 2015)........................4, 5, 6

*City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*,
    No. 10 Civ. 376, 2010 WL 2035130 (S.D.N.Y. May 21, 2010)...........................................7, 8

*In re Collins & Aikman Corp. Sec. Litig.*,
    438 F. Supp. 2d 392 (S.D.N.Y. 2006)...............................................................................4, 7

*D.H. Blair & Co., v. Gottdiener*,
    462 F.3d 95 (2d Cir. 2006)................................................................................................4

*Doshi v. Gen. Cable Corp.*,
    Nos. 13 Civ 7409, 8634 (RA), 2014 WL 12774226 (S.D.N.Y. Feb. 5, 2014) .............. *passim*

*Elec. Workers Pension Fund, Local 103 I.B.E.W. v. Nuvelo, Inc.*,
    Nos. 07 Civ. 975, 1229, 1777, 1953 (HB), 2007 WL 2068107 (S.D.N.Y. July
    19, 2007) ...........................................................................................................................5

*Erickson v. Corinthian Colls., Inc.*,
    No. 13 CIV. 4308 PKC, 2013 WL 5493162 (S.D.N.Y. Oct. 1, 2013) ........................... *passim*

*Garity v. Tetraphase Pharms. Inc.*,
    No. 1:18-cv-06797 (ALC), 2019 WL 2314691 (S.D.N.Y. May 30, 2019) ..............................6

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
    No. 08 Civ. 3516 (SWK), 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ........................6, 7, 9

*In re Hanger Orthopedic Grp., Inc. Sec. Litig.*,
    418 F. Supp. 2d 164 (E.D.N.Y. 2006) ..............................................................................5

*IKB Int'l S.A. v. Wilmington Tr. Co.*,
    No. 16-CV-4917 (RA), 2017 WL 4084052 (S.D.N.Y. Sept. 14, 2017) ...............................3, 4

*Jackson v. Avis Rent A Car Sys., LLC*,
No. 14 Civ. 1658 LLS, 2015 WL 1004299 (S.D.N.Y. Mar. 6, 2015) .......................................3

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
No. 02 Civ. 3310 (SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002) ...............................5

*In re McDermott Int'l, Inc., Sec. Litig.*,
Nos. 08 Civ. 9943, 10615 (DC), 09 Civ. 570 (DC), 2009 WL 1010039
(S.D.N.Y. Apr. 13, 2009).........................................................................................................5

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
599 F.3d 102 (2d Cir. 2010)....................................................................................................3

*In re Nematron Corp. Sec. Litig.*,
30 F. Supp. 2d 397 (S.D.N.Y. 1998).....................................................................................5, 8

*Steck v. Santander Consumer USA Holdings, Inc.*,
No. 14-CV-6942 (JPO), 2015 WL 3767445 (S.D.N.Y. June 17, 2015) ...............................8, 9

*In re Stillwater Mining Co. Sec. Litig.*,
No. 02 Civ. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)...............................5, 7

**STATUTES**

15 U.S.C. § 78aa(a)......................................................................................................................3

28 U.S.C. § 1404(a) ..............................................................................................................1, 3, 4

Defendants Sarepta Therapeutics, Inc. ("Sarepta" or the "Company"), Douglas S. Ingram, and Sandesh Mahatme ("Individual Defendants," and collectively, with Sarepta, "Defendants"), by and through their undersigned counsel, respectfully submit this memorandum in support of their motion to transfer venue to the District of Massachusetts pursuant to 28 U.S.C. § 1404(a).

## I.  PRELIMINARY STATEMENT

This garden-variety federal securities fraud class action has no connection whatsoever to New York.  As this Court has frequently observed, "transfer of a securities-fraud action to the district where the issuer is headquartered  . . . [is] routine as a practical matter." *Doshi v. Gen. Cable Corp.*, Nos. 13 Civ. 7409, 8634 (RA), 2014 WL 12774226, at *3 (S.D.N.Y. Feb. 5, 2014) (alteration in original) (citation omitted).  Transfer is routine because the district where the issuer is headquartered is normally the location where the alleged wrongdoing occurred, the defendants reside, and the relevant witnesses are located.  Such is true here.  Sarepta is headquartered in Cambridge, Massachusetts (not New York), the statements Plaintiff challenges were made in Massachusetts (not New York), both of the Individual Defendants work and reside in Massachusetts (not New York), and the relevant employees who will be the principal witnesses work and live in Massachusetts (not New York).  Weighing the several factors favoring transfer against the minimal deference afforded to Plaintiff's choice of forum in this putative class action, the transfer of venue to Massachusetts will serve "the convenience of parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  Defendants respectfully request that the Court transfer this case to the District of Massachusetts.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

Sarepta is a publicly traded Delaware corporation with its headquarters in Cambridge, Massachusetts.  Complaint, ECF No. 1 ("Compl.") ¶ 2; Declaration of Jessica Driscoll ("Decl.") ¶ 2.  Within the United States, Sarepta has facilities in Cambridge, Andover, and Burlington,

Massachusetts, and in Dublin, Ohio. Compl. ¶ 2; Decl. ¶ 2. Sarepta is a commercial-stage biopharmaceutical company focused on helping patients through the discovery and development of unique ribonucleic acid-based therapeutics, gene therapy, and other genetic medicine approaches for the treatment of rare diseases, including the development of golodirsen for the treatment of duchenne muscular dystrophy. *See* Compl. ¶ 2; Decl. ¶ 3. Sarepta's corporate officers and the heads of its commercial, finance, clinical and nonclinical development, business development, research, information technology, human resources, and legal departments are based in Sarepta's headquarters in Cambridge, Massachusetts. Decl. ¶ 4. Both of the Individual Defendants, Douglas S. Ingram (Sarepta's President and Chief Executive Officer) and Sandesh Mahatme (Sarepta's Executive Vice President, Chief Financial Officer and Chief Business Officer) work at Sarepta's headquarters in Massachusetts. *Id.* ¶¶ 8-9. Mr. Ingram and Mr. Mahatme both live in Boston, Massachusetts. *Id.*

On August 30, 2019, Plaintiff Andrew Salinger filed a complaint against Defendants alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5, purportedly on behalf of a class of persons who purchased Sarepta stock between September 6, 2017 and August 19, 2019. Compl. ¶ 1. The Complaint alleges that certain statements in Sarepta's press releases and annual SEC filings on Form 10-K, made in and disseminated from the Company's Massachusetts headquarters, were supposedly false or misleading. *See id.* ¶¶ 24-42; Decl. ¶ 5.

The Complaint does not allege that any event relevant to Plaintiff's claims or the alleged misstatements occurred in New York. Nor does it identify any witnesses who reside in New York. The only mention of New York is the allegation that Sarepta securities trade on the NASDAQ Stock Market ("NASDAQ"), which is located in the Southern District of New York. Compl. ¶ 12.

2

## III. ARGUMENT

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). Defendants, as the moving parties, must establish by clear and convincing evidence that the action should be transferred. *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010). Here, Defendants plainly do so.

### A. The District Of Massachusetts Is A Proper Forum Where This Case Could Have Been Brought

"The threshold question in deciding transfer of venue . . . is whether the action could have been brought in the transferee forum." *Jackson v. Avis Rent A Car Sys., LLC*, No. 14 Civ. 1658 LLS, 2015 WL 1004299, at *2 (S.D.N.Y. Mar. 6, 2015) (citations omitted); *IKB Int'l S.A. v. Wilmington Tr. Co.*, No. 16-CV-4917 (RA), 2017 WL 4084052, at *2 (S.D.N.Y. Sept. 14, 2017). The District of Massachusetts is undeniably an appropriate venue for this dispute, because a federal securities action "may be brought . . . in the district wherein the defendant is found or is an inhabitant or transacts business," and all Defendants are located in Massachusetts. 15 U.S.C. § 78aa(a); Decl. ¶¶ 2, 8-9. Defendants do not expect Plaintiff to dispute these facts.

### B. The Relevant Factors Weigh Strongly In Favor Of Transfer To The District Of Massachusetts

Once the threshold requirement is met, the second question is whether transfer is appropriate under several factors (*IKB Int'l*, 2017 WL 4084052, at *3), including:

> (1) the locus of operative facts; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of the relevant documents and the relative ease of access to sources of proof; (5) the relative means of the parties; (6) the availability of process to compel the attendance of unwilling witnesses; (7) a forum's familiarity with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

3

*Id.* (quoting *Am. Eagle Outfitters, Inc. v. Tala Bros. Corp.*, 457 F. Supp. 2d 474, 477 (S.D.N.Y. 2006)). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *Doshi*, 2014 WL 12774226, at *2 (quoting *D.H. Blair & Co., v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006)). Here, the relevant factors strongly favor transfer to Massachusetts.

### 1.  The Locus of Operative Facts Is In The District Of Massachusetts

As this Court and others have recognized, the locus of operative events in a securities action is where the alleged misrepresentations "'are transmitted or withheld,' not where they are received." *City of Pontiac Gen. Emps. Ret. Sys. v. Dell Inc.*, No. 14-CV-3644 (VSB), 2015 WL 12659925, at *6 (S.D.N.Y. Apr. 30, 2015) (Broderick, J.) (citation omitted); *In re Collins & Aikman Corp. Sec. Litig.*, 438 F. Supp. 2d 392, 397 (S.D.N.Y. 2006) ("[I]t is well-settled that [m]isrepresentations are deemed to 'occur' in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.") (internal quotations and citations omitted). Each of the challenged statements in Sarepta's press releases and SEC filings was made in, and transmitted from, the Company's headquarters in Massachusetts. Decl. ¶ 5. Moreover, as this Court has recognized, "the locus of operative facts is not shifted to New York merely because [Sarepta] stock was traded on the NASDAQ . . . ." *Dell*, 2015 WL 12659925, at *6 ("Defendants' alleged misrepresentations and omissions are the gravamen of this case"); *see also Erickson v. Corinthian Colls., Inc.*, No. 13 CIV. 4308 PKC, 2013 WL 5493162, at *6-7 (S.D.N.Y. Oct. 1, 2013) (granting motion to transfer to district where company was headquartered, even though plaintiff alleged the company's stock traded on the NASDAQ).

Accordingly, the first factor (the locus of operative facts) weighs heavily in favor of transfer. *See, e.g.*, *Dell*, 2015 WL 12659925, at *6 (granting motion to transfer securities class action to district with company's headquarters, where the alleged misstatements were drafted,

4

approved, and disseminated); *Doshi*, 2014 WL 12774226, at \*2 (locus of operative facts favored transfer of securities class action to district where statements were made); *Erickson*, 2013 WL 5493162, at \*6-7 (same); *In re McDermott Int'l, Inc., Sec. Litig.*, Nos. 08 Civ. 9943, 10615 (DC), 09 Civ. 570 (DC), 2009 WL 1010039, at \*5 (S.D.N.Y. Apr. 13, 2009) (same); *Elec. Workers Pension Fund, Local 103 I.B.E.W. v. Nuvelo, Inc.*, Nos. 07 Civ. 975, 1229, 1777, 1953 (HB), 2007 WL 2068107, at \*5 (S.D.N.Y. July 19, 2007) (same); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953, at \*4 (S.D.N.Y. May 12, 2003) (same); *MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at \*5 (S.D.N.Y. Dec. 5, 2002) (same) (collecting cases).

### 2. Transfer To The District Of Massachusetts Will Serve The Convenience Of The Parties And Witnesses

District courts "regularly exercise their discretion to grant motions to transfer" securities fraud class actions to the district where "the corporate Defendant is headquartered and where the bulk of the alleged wrongdoing occurred." *Dell*, 2015 WL 12659925, at \*7 (granting motion to transfer); *see also Ahrens v. CTI BioPharma Corp.*, No. 16 Civ. 1044 (PAE), 2016 WL 2932170, at \*4 (S.D.N.Y. May 19, 2016) ("While there is no *per se* rule requiring or presumptively favoring the transfer of a securities-fraud action to the district where the issuer is headquartered, such transfers to the issuer's home district are routine as a practical matter.") (citations omitted); *Doshi*, 2014 WL 12774226, at \*3 ("It is well known that trials in securities class actions focus almost entirely on the defendants' conduct.") (quoting *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 402 (S.D.N.Y. 1998)). Because Sarepta is headquartered in Massachusetts and the Individual Defendants work and reside there, "lengthy proceedings in New York are more likely to lead to some disruption to [Sarepta's] day-to-day operations" than proceedings in Massachusetts. *Dell*, 2015 WL 12659925, at \*5; *In re Hanger Orthopedic Grp., Inc. Sec. Litig.*, 418 F. Supp. 2d 164,

5

169 (E.D.N.Y. 2006) (transferring venue to Maryland and observing that "because the individual defendants form the core of Hanger's senior management; trial in New York carries a real risk of disrupting company operations").

As for non-party witnesses, the Complaint does not identify any. This Court has acknowledged that where securities claims are based upon alleged misstatements, "the key witnesses are the officers and employees of the corporate defendant who participated in drafting and disseminating the allegedly false statements at issue." *Dell*, 2015 WL 12659925, at *4; *accord Doshi*, 2014 WL 12774226, at *3 (quoting *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Civ. 3516 (SWK), 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008)). The vast majority of Sarepta's officers and employees involved in preparing and disseminating the Company's press releases and SEC filings are located at the Company's headquarters in Massachusetts, where the challenged statements were made and distributed. Decl. ¶ 6. These witnesses include, for example, Francesca Nolan, Sarepta's Senior Director of Investor Relations & Corporate Communications, and Joe Bratica, Sarepta's Vice President and Corporate Controller. *Id.* In addition, Patrick O'Malley, Sarepta's Executive Director of Regulatory Strategy, who is based in Massachusetts, is a witness with knowledge of Sarepta's communications with the U.S. Food and Drug Administration during the time period that the press releases and SEC filings were issued. *Id.* ¶ 7. It would be more convenient for these witnesses for this case to be litigated, if at all, in Massachusetts. *See Dell*, 2015 WL 12659925, at *4-6 (concluding it would be more convenient for non-party witnesses and the parties to litigate the case in the district where the company was headquartered); *Doshi*, 2014 WL 12774226, at *3 (same); *see also Garity v. Tetraphase Pharms. Inc.*, No. 1:18-cv-06797 (ALC), 2019 WL 2314691, at *3 (S.D.N.Y. May 30, 2019) (same); *Ahrens*, 2016 WL 2932170, at *4 (same).

As a result, the second factor (convenience of the parties) and third factor (convenience of the witnesses) strongly support transfer.

### 3.      Plaintiff's Choice of Forum Is Entitled To Virtually No Weight

As this case is a putative securities class action on behalf of persons scattered throughout the nation, Plaintiff's decision to file in New York instead of Massachusetts is "entitled to substantially less deference" than the weight normally given to a plaintiff's chosen forum.  *In re Global Cash*, 2008 WL 4344531, at *7; *accord Doshi*, 2014 WL 12774226, at *4.  Indeed, no weight should be given to Plaintiff's choice because, as discussed above, the alleged operative facts have no connection whatsoever to New York.  *See Doshi*, 2014 WL 12774226, at *4 ("[T]he weight accorded to a plaintiff's choice of forum diminishes where the operative facts lack a meaningful connection to the chosen forum.") (quoting *Erickson*, 2013 WL 5493162, at *2); *In re Collins & Aikman*, 438 F. Supp. 2d at 398 ("[T]he operative facts in this litigation bear little, if any, connection to the Southern District of New York, a circumstance that diminishes the deference accorded to plaintiff's choice.") (citations omitted); *In re Stillwater*, 2003 WL 21087953, at *5 (affording less weight to plaintiff's choice of forum because the company's single institutional meeting in New York and trading of its stock on the NYSE were not "material connections" to New York).  The eighth factor (Plaintiff's choice of forum) therefore does not militate against transfer.

### 4.      Trial Efficiency And The Interests of Justice Favor Transfer

Trial efficiency and the interests of justice favor transfer to the District of Massachusetts for three reasons.  First, "the operative events, most of the key witnesses, and all of the Defendants are located in" Massachusetts.  *Doshi*, 2014 WL 12774226, at *4; *City of Pontiac Gen. Emps. Ret. Sys. v. Stryker Corp.*, No. 10 Civ. 376, 2010 WL 2035130, at *5 (S.D.N.Y. May 21, 2010).  Second, this action is at the very earliest stage as a lead plaintiff has not been appointed, a consolidated

complaint has not been filed, and Defendants have not filed their motion to dismiss. A transfer to the District of Massachusetts will therefore "not cause any undue delay," nor will it waste judicial or party resources. *Doshi*, 2014 WL 12774226, at *4; *see also Stryker*, 2010 WL 2035130, at *5. Third, the District of Massachusetts has fewer pending cases than this District. *See Billing v. Commerce One, Inc.*, 186 F. Supp. 2d 375, 379 (S.D.N.Y. 2002) ("The dockets of the competing districts are relevant to this inquiry.") (citation omitted); *Stryker*, 2010 WL 2035130, at *5 (same). As of September 30, 2019, the number of pending cases per judgeship in this District was 662; in the District of Massachusetts it was 371. ADMIN. OFFICE OF THE U.S. COURTS, FED. COURT MGMT., *United States District Courts — National Judicial Caseload Profile*, https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0930.2019.pdf (last visited Nov. 26, 2019). Accordingly, the ninth factor (trial efficiency and the interests of justice) weighs in favor of transfer.

### 5. The Remaining Factors Do Not Militate Against Transfer

The remaining factors are neutral and do not militate against transfer. With respect to the fourth factor (the location of the relevant documents and the relative ease of access to sources of proof), virtually all of the documents reasonably expected to be relevant will be found in Massachusetts at the Company's headquarters or are otherwise easily accessible. Indeed, as this Court has observed, this factor is not particularly important in light of electronic discovery, which makes records easily transferable. *Doshi*, 2014 WL 12774226, at *4. The fifth factor (the relative means of the parties) is largely irrelevant or at minimum neutral in a putative securities class action, because the class will not be burdened if class counsel litigates the case in Massachusetts. *Erickson*, 2013 WL 5493162, at *7 ("[A]bsent demonstration of an undue burden on the plaintiff class, this factor is neutral in a securities class action.") (citing *In re Nematron*, 30 F. Supp. 2d at 405); *accord Steck v. Santander Consumer USA Holdings, Inc.*, No. 14-CV-6942 (JPO), 2015 WL

8

3767445, at *3 n.2 (S.D.N.Y. June 17, 2015) (quoting *Erickson*, 2013 WL 5493162, at *7).  As for the sixth factor (availability of process), Defendants are presently unaware of any potential witness who would be called to testify but would be unwilling to do so; accordingly, this factor neither favors nor disfavors transfer.  *See Steck*, 2015 WL 3767445, at *3 ("Where a party 'fail[s] to provide any evidence that any [non-party witness] is unwilling to testify,' many courts exclude this factor from the analysis.") (alterations in original) (citation omitted).  The same can be said regarding the seventh factor (familiarity with governing law).  Because the Southern District of New York and the District of Massachusetts "'are equally capable of applying federal securities laws,'" *Doshi*, 2014 WL 12774226, at *4 (quoting *In re Global Cash*, 2008 WL 4344531, at *7), the seventh factor is neutral.

## IV.     CONCLUSION

Four of the nine factors undeniably favor transfer, and none of the others weighs against it.  Accordingly, Defendants request that the Court grant their Motion and transfer venue to the District of Massachusetts.

Dated:          November 26, 2019

Respectfully Submitted,

**LATHAM & WATKINS LLP**

/s/ Andrew Clubok
Andrew Clubok
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
Telephone: (202) 637-3323
Email: andrew.clubok@lw.com

*Attorney for Defendants*

9