UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE SAREPTA THERAPEUTICS SECURITIES LITIGATION | 25 Civ. 5317 (PAE) |

ORDER

PAUL A. ENGELMAYER, District Judge:

In this putative securities class action, lead plaintiffs—Anthony Defilippis, Nicholas Barrass, William Wrede, and Robert Feldstein (collectively, "Lead Plaintiffs")—move to transfer the case to the District of Massachusetts. Dkts. 91–92. The Court grants the motion, which is unopposed. Dkt. 94.

As background, on June 26, 2025, plaintiff Daniel Dolgicer initiated this action against Sarepta Corporation ("Sarepta") and certain senior executives (collectively, "defendants"), alleging they misled investors about the safety and efficacy of Sarepta's gene therapies. Dkt. 1 ("Complaint") ¶ 3. Dolgicer filed his Complaint in this District, representing that venue was proper because Sarepta securities trade on the Manhattan-based NASDAQ Stock Exchange. On October 17, 2025, the Court appointed Lead Plaintiffs pursuant to the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(A). Dkt. 84. On October 24, 2025, Lead Plaintiffs filed the present motion, asserting that "litigating this case in this District will pose substantial difficulties for all parties, and the District of Massachusetts is, by far, the more convenient forum." Dkt. 92 at 1. On November 4, 2025, defendants stated that they do not oppose transfer, although they do not concede the accuracy of certain factual assertions by Lead Plaintiffs as to the locations of witnesses and third parties. Dkt. 94.

The Court grants Lead Plaintiffs' unopposed motion.

Transfer of venue is governed by 28 U.S.C. § 1404.  It provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404.  District courts are conferred with wide latitude to decide whether to transfer venue.  *In re Cuyahoga Equip. Corp.,* 980 F.2d 110, 117 (2d Cir.1992) (citing *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 29 (1988)).  Generally, a court must engage in a two-step inquiry: determining, first, whether venue is proper in the transferee district and, second, whether transfer will serve the parties' convenience and the interests of justice.  *Van Dusen v. Barrack,* 376 U.S. 612, 616 (1964).

As to the first step, venue is proper in the District of Massachusetts.  Under 28 U.S.C. § 1391(b), a civil action may be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located" or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."  That standard is met here.  Because Lead Plaintiffs have established that "a substantial part of the events" transpired in the District of Massachusetts, venue in that district is proper.  The claims here centrally allege that Sarepta concealed material adverse facts about ELEVIDYS, a prescription gene therapy tailored for individuals with Duchenne muscular dystrophy.  Complaint ¶¶ 2–4.  Those adverse facts were allegedly concealed from shareholders in press releases and statements Sarepta made from its Cambridge, Massachusetts headquarters.  *Id.* ¶¶ 36, 60, 62.  A critical portion of the events giving rise to the action thus occurred in the District of Massachusetts.[1]

---

[1] The Court does not, however, find § 1391(b)(1)—Lead Plaintiffs' alternative basis for claiming that venue is proper in the District of Massachusetts—satisfied.  "[A] 'natural person' resides in the judicial district where the person is domiciled, and an 'entity with the capacity to sue and be

As to the second step, transferring venue to the District of Massachusetts promotes the parties' convenience and the interest of justice. The convenience inquiry considers, *inter alia*, "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106–07 (2d Cir. 2006) (internal quotation marks omitted; alterations adopted).

These factors, considered together, lopsidedly favor transfer. The first factor, which weighs heavily, *id.* at 107, favors Massachusetts.[2] On the limited record at hand, so do the second and fourth factors: Sarepta, in related litigation, has stated that "lengthy proceedings in New York" would be more disruptive to it than "proceedings in Massachusetts," Dkt. 92 at 8 (quoting Exhibit A at 5), and transfers of securities-fraud actions to where the issuer is headquartered have often been approved based on witness convenience. *See, e.g., Langley Partners, L.P. v. Tripath Tech., Inc.,* 2005 WL 2482527 (S.D.N.Y. Oct.6, 2005); *Greenwood*

---

sued' resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question." *Johnson v. Wells Fargo Bank, N.A.*, No. 23 Misc. 74 (PAE), 2023 WL 3571055, at *2 (S.D.N.Y. Apr. 7, 2023) (quoting 28 U.S.C. § 1391(c)(1), (2)). A corporation is subject to general personal jurisdiction where it maintains its headquarters. Here, it is undisputed that Sarepta is headquartered in Cambridge, Massachusetts and that two of the three individual defendants are "domiciled" in Massachusetts. Dkt. 92 at 3; Dkt. 94. But because Lead Plaintiffs represent that individual defendant Louise Rodino-Klapac, Sarepta's chief scientific officer, resides in Ohio, Lead Plaintiffs have not established that "all defendants are residents of [Massachusetts]," as required by § 1391(b)(1).

[2] Where the party chosen as lead plaintiff in a class action seeks to transfer venue, the initial filing plaintiff's choice of forum is irrelevant in the transfer analysis. *See Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 112, 122 (S.D.N.Y. 2010); *In re Hanger Orthopedic Grp., Inc. Sec. Litig.,* 418 F. Supp. 2d 164, 168–169 (E.D.N.Y. 2006); *In re Anadarko Petroleum Corp.*, 2012 WL 12894796, at *4 (S.D.N.Y. Mar. 19, 2012) (initial plaintiff's choice of forum in PSLRA action does not require lead plaintiff to establish "change in circumstances" to support venue transfer).

*Partners v. New Frontier Media, Inc.,* 2000 WL 278086 (S.D.N.Y. Mar.14, 2000); *In re Stillwater Mining Co. Sec. Litig.,* 2003 WL 21087953 (S.D.N.Y. May 12, 2003). The important fifth factor, the locus of operative factors, strongly favors transfer, as Lead Plaintiffs assert—and defendants do not contest—that Sarepta's press releases and SEC filings were prepared at its company's Massachusetts-headquarters. Dkt. 92 at 7; Dkt. 94. That in turn, suggests that the third factor—the location of relevant documents—favors Massachusetts, although, in the electronic discovery era, this factor is of receding importance. *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 747 (S.D.N.Y. 2013). The sixth factor is inconclusive on the present record. Finally, as to the seventh factor, for the reasons above, transfer would be in the interest of justice and promote judicial economy, and transfer now rather later would enable the transferee court to set a briefing and case management schedule consistent with its needs. Dkt. 92 at 9; Dkt. 94.

The Court thus finds transfer of venue appropriate. In the interest of justice, the Court transfers this action to the United States District Court for the District of Massachusetts.

## CONCLUSION

The Clerk of Court is respectfully directed to terminate the motion at Docket 91, transfer this case to the United States District Court for the District of Massachusetts, and close this case.

SO ORDERED.

Paul A. Engelmayer

PAUL A. ENGELMAYER
United States District Judge

Dated: November 6, 2025
        New York, New York

4