**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| IN RE SAREPTA THERAPEUTICS SECURITIES LITIGATION | Civil Action No.: 1:25-cv-13530-BEM |

**REQUEST FOR INCORPORATION BY REFERENCE AND JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS SAREPTA THERAPEUTICS, INC., DOUGLAS S. INGRAM, IAN M. ESTEPAN, AND LOUISE RODINO-KLAPAC'S MOTION TO DISMISS CONSOLIDATED CLASS ACTION COMPLAINT**

## I.    INTRODUCTION

Defendants Sarepta Therapeutics, Inc. ("Sarepta"), Douglas S. Ingram, Ian M. Estepan, and Louise Rodino-Klapac respectfully request that the Court consider certain documents submitted in connection with Defendants' Motion to Dismiss (the "Motion"). Exhibits 5, 7-10, 12-13, 16-20, 27-28, 31, 34, and 39-59 are all incorporated by reference into the Consolidated Class Action Complaint ("AC"), and all exhibits are subject to judicial notice. These documents are annexed to the Declaration of Sarah A. Tomkowiak (the "Tomkowiak Declaration") and submitted in support of Defendants' Motion. Specifically, Defendants submit the following documents:

1. **Exhibit 1**: A true and correct copy of the Food and Drug Administration's ("FDA") news release titled "FDA Approves First Gene Therapy for Treatment of Certain Patients with Duchenne Muscular Dystrophy," dated June 22, 2023.

2. **Exhibit 2**: A true and correct copy of the transcript of Sarepta's Investor Call, dated June 22, 2023.

3. **Exhibit 3**: A true and correct copy of excerpts of the FDA's Summary Basis for Regulatory Action recommending approval of Sarepta's Biologics License Application ("BLA") for ELEVIDYS, dated June 21, 2023.

4. **Exhibit 4**: A true and correct copy of excerpts of the transcript of FDA Advisory Committee's meeting regarding the ELEVIDYS BLA, dated May 12, 2023.

5. **Exhibit 5**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Announces FDA Approval of ELEVIDYS, the First Gene Therapy To Treat Duchenne Muscular Dystrophy," dated June 22, 2023.

6. **Exhibit 6**: A true and correct copy of excerpts of the ELEVIDYS label and full prescribing information, dated June 20, 2023.

7. **Exhibit 7**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending June 30, 2023, filed with the SEC on August 2, 2023.

8. **Exhibit 8**: A true and correct copy of the transcript of Sarepta's Investor Call, dated October 30, 2023.

9. **Exhibit 9**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Announces Topline Results from EMBARK, a Global Pivotal Study of ELEVIDYS Gene Therapy for Duchenne Muscular Dystrophy," dated October 30, 2023.

10. **Exhibit 10**: A true and correct copy of the transcript of Sarepta's presentation at the UBS Biopharma Conference, dated November 9, 2023.

11. **Exhibit 11**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Announces U.S. FDA Acceptance of an Efficacy Supplement to Expand the ELEVIDYS Indication," dated February 16, 2024.

12. **Exhibit 12**: A true and correct copy of excerpts of Sarepta's Form 10-K for the period ending December 31, 2023, filed with the SEC on February 28, 2024.

13. **Exhibit 13**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending March 31, 2024, filed with the SEC on May 1, 2024.

14. **Exhibit 14**: A true and correct copy of the FDA's news release titled "FDA Expands Approval of Gene Therapy for Patients with Duchenne Muscular Dystrophy," dated June 20, 2024.

15. **Exhibit 15**: A true and correct copy of excerpts of the FDA's BLA Integrated Clinical and Clinical Pharmacology Review Memorandum dated June 18, 2024.

16. **Exhibit 16**: A true and correct copy of the transcript of Sarepta's Investor Call, dated June 21, 2024.

17. **Exhibit 17**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Shares Safety Update on ELEVIDYS," dated March 18, 2025.

18. **Exhibit 18**: A true and correct copy of Sarepta's press release titled "Sarepta Provides Safety Update for ELEVIDYS and Initiates Steps to Strengthen Safety in Non-Ambulatory Individuals with Duchenne," dated June 15, 2025.

19. **Exhibit 19**: A true and correct copy of the transcript of Sarepta's Investor call, dated June 16, 2025.

20. **Exhibit 20**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Announces Strategic Restructuring and Pipeline Prioritization Plan to Maintain Long-term, Sustainable Growth and Provides Update on ELEVIDYS Label," dated July 16, 2025.

21. **Exhibit 21**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Provides Statement on ELEVIDYS," dated July 18, 2025.

22. **Exhibit 22**: A true and correct copy of a Wall Street Journal opinion editorial titled "The Sarepta Mugging and Drug Innovation," dated July 27, 2025.

23. **Exhibit 23**: A true and correct copy of a Wall Street Journal opinion editorial titled "On Sarepta, a Welcome FDA Reversal," dated July 29, 2025.

24. **Exhibit 24**: A true and correct copy of the FDA's news release titled "FDA Recommends Removal of Voluntary Hold for Elevidys for Ambulatory Patients," dated July 28, 2025.

25. **Exhibit 25**: A true and correct copy of the FDA's news release titled "FDA Approves New Safety Warning and Revised Indication that Limits Use for Elevidys Following Reports of Fatal Liver Injury," dated November 14, 2025.

26. **Exhibit 26**: A true and correct copy of Sarepta's press release titled "Sarepta Announces Positive Topline Three-Year EMBARK Results Showing ELEVIDYS Significantly Slows Disease Progression on Key Functional Measures in Ambulatory Duchenne Patients," dated January 26, 2026.

27. **Exhibit 27**: A true and correct copy of the transcript of Sarepta's presentation at the J.P. Morgan Healthcare Conference, dated January 8, 2024.

28. **Exhibit 28**: A true and correct copy of the transcript of Sarepta's Investor Call, dated August 2, 2023.

29. **Exhibit 29**: A true and correct copy of the transcript of Sarepta's presentation at the J.P. Morgan Healthcare Conference, dated January 11, 2021.

30. **Exhibit 30**: A true and correct copy of Sarepta's recruitment flyer for the JOURNEY clinical trial, dated May 14, 2025.

31. **Exhibit 31**: A true and correct copy of the transcript of Sarepta's Investor Call, dated August 7, 2024.

32. **Exhibit 32**: A true and correct copy of Sarepta's Community Letter titled "Update on LGMD programs SRP-9003, SRP-9004, SRP-9005," dated December 18, 2024.

33. **Exhibit 33**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Announces Pipeline Progress for Multiple Limb-Girdle Muscular Dystrophy Programs," dated April 15, 2025.

34. **Exhibit 34**: A true and correct copy of the transcript of Sarepta's Investor Call, dated July 16, 2025.

35. **Exhibit 35**: A true and correct copy of Sarepta's stock price chart from June 22, 2023 to November 3, 2025.

36. **Exhibit 36**: A true and correct copy of the transcript of Sarepta's Investor Call, dated May 6, 2020.

37. **Exhibit 37**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending March 31, 2020, filed with the SEC on May 6, 2020.

38. **Exhibit 38**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending June 30, 2020, filed with the SEC on August 5, 2020.

39. **Exhibit 39**: A true and correct copy of the transcript of Sarepta's Investor Call, dated November 3, 2025.

40. **Exhibit 40**: A true and correct copy of the transcript of Sarepta's presentation at the J.P. Morgan Healthcare Conference, dated January 13, 2025.

41. **Exhibit 41**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending September 30, 2024, filed with the SEC on November 6, 2024.

42. **Exhibit 42**: A true and correct copy of the transcript of Sarepta's presentation at the Morgan Stanley Global Healthcare Conference, dated September 11, 2023.

43. **Exhibit 43**: A true and correct copy of the transcript of Sarepta's Investor Call, dated November 1, 2023.

44. **Exhibit 44**: A true and correct copy of the transcript of Sarepta's presentation at the Leerink Partners Global Biopharma Conference, dated March 11, 2024.

45. **Exhibit 45**: A true and correct copy of the transcript of Sarepta's presentation at the Barclays Global Healthcare Conference, dated March 12, 2024.

46. **Exhibit 46**: A true and correct copy of the transcript of Sarepta's presentation at the Morgan Stanley Global Healthcare Conference, dated September 6, 2024.

47. **Exhibit 47**: A true and correct copy of the transcript of Sarepta's Investor Call, dated November 6, 2024.

48. **Exhibit 48**: A true and correct copy of the transcript of Sarepta's Investor Call, dated January 27, 2025.

49. **Exhibit 49**: A true and correct copy of the transcript of Sarepta's Investor Call, dated February 26, 2025.

50. **Exhibit 50**: A true and correct copy of the transcript of Sarepta's Investor Call, dated May 6, 2025.

51. **Exhibit 51**: A true and correct copy of Sarepta's press release titled "Sarepta Therapeutics Presents Data at the American Society of Gene & Cell Therapy Conference, Including Statistically Significant Functional Outcomes for 8- and 9-year Old Patients in New Data Analysis of EMBARK Part 2," dated May 16, 2025.

52. **Exhibit 52**: A true and correct copy of the transcript of Sarepta's Investor Call, dated November 26, 2024.

53. **Exhibit 53**: A true and correct copy of excerpts of Sarepta's Form 10-K for the period ending December 31, 2024, filed with the SEC on February 28, 2025.

54. **Exhibit 54**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending September 30, 2023, filed with the SEC on November 1, 2023.

55. **Exhibit 55**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending June 30, 2024, filed with the SEC on August 7, 2024.

56. **Exhibit 56**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending June 30, 2025, filed with the SEC on August 6, 2025.

57. **Exhibit 57**: A true and correct copy of the transcript of Sarepta's Investor Call, dated February 28, 2024.

58. **Exhibit 58**: A true and correct copy of the transcript of Sarepta's Investor Call, dated May 1, 2024.

59. **Exhibit 59**: A true and correct copy of excerpts of Sarepta's Form 10-Q for the period ending March 31, 2025, filed with the SEC on May 6, 2025.

This list of documents is long because Plaintiffs' allegations—spanning three distinct sets of factual allegations and challenging (by Defendants' count) 59 statements made over several years—are so sprawling.[1]  All of these documents can and should be considered by the Court at the pleading stage because they are incorporated by reference in the AC and/or subject to judicial notice under Federal Rule of Evidence 201. *First*, Plaintiffs rely on numerous publicly available documents in the AC. These include annual and quarterly SEC filings, investor call transcripts,

---

[1] Exhibits 1-41 are cited in Defendants' motion to dismiss, whereas Exhibits 42-59 are other documents cited by the AC that are included here for completeness's sake.

and press releases that are explicitly referenced in the AC and form the basis of Plaintiffs' claims. They are therefore incorporated into the AC and subject to review by this Court in deciding Defendants' Motion. *Second*, all of the exhibits to the Tomkowiak Declaration are also properly subject to judicial notice under Federal Rule of Evidence 201 because each is a matter of public record and/or otherwise available in the public domain, and each is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

## II.    ARGUMENT

### A.    Legal Standard

When ruling on a motion to dismiss, courts "must consider the complaint in its entirety *as well as other* sources courts ordinarily examine" at the pleading stage, including "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added). The Court, in other words, must look beyond the four corners of the complaint in ruling on Defendants' motion. *See id.*; *Miss. Pub. Emps.' Ret. Sys. v. Bos. Sci. Corp.*, 523 F.3d 75, 86 (1st Cir. 2008).

The doctrine of incorporation by reference treats certain documents as "effectively merge[d] into the pleadings" such that "the trial court can review [the document] in deciding a motion to dismiss" when "a complaint's factual allegations are expressly linked to—and admittedly dependent upon—a document." *Pizzuto v. Homology Meds., Inc.*, 2024 WL 1436025, at *1 (D. Mass. Mar. 31, 2024). A court may "augment" the facts alleged in the complaint with "those facts extractable from documentation annexed to or incorporated by reference in the complaint." *Newman v. Lehman Bros. Holdings Inc.*, 901 F.3d 19, 23 (1st Cir. 2018); *see also AMPM, LLC v. KIIT Renewable Energy LLC*, 2025 WL 3012852, at *1 (D. Mass. Oct. 28, 2025) ("The following facts, assumed true on a motion to dismiss, are drawn from the complaint and documents fairly incorporated by reference in that pleading."); *Freeman v. Town of Hudson*, 714 F.3d 29, 36 (1st Cir. 2013) (documents properly incorporated by reference include "documents central to plaintiffs' claim" and "documents sufficiently referred to in the complaint").

Incorporation by reference allows a court to "consider the relevant entirety of a document" such that a plaintiff may not "maintain a claim by excising an isolated statement from a document." *Clorox Co. Puerto Rico. v. Proctor & Gamble Com. Co.*, 228 F.3d 24, 32 (1st Cir. 2000).

Independently, the Court may take judicial notice of matters that are "not subject to reasonable dispute" because they are either "(1) generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). "[P]ublic filings with [SEC] are clearly ones in which the court may take judicial notice." *Corban v. Sarepta Therapeutics, Inc.*, 2015 WL 1505693, at *5 n.4 (D. Mass. Mar. 31, 2015) (taking judicial notice of Sarepta's SEC filings). Likewise, news articles and other publicly available reports are judicially noticeable to show "what the market knew" at relevant times. *In re Karyopharm Therapeutics Inc., Sec. Litig.*, 552 F. Supp. 3d 77, 91 n.1 (D. Mass. July 21, 2021); *see also U.S. ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 256 (D. Mass 2015).

**B.    Exhibits 5, 7-10, 12-13, 16-20, 27-28, 31, 34, and 39-59 Are Incorporated by Reference**

Plaintiffs' AC refers extensively to, or depends upon the contents of, Exhibits 5, 7-10, 12-13, 16-20, 27-28, 31, 34, 39-59 to try to establish the elements of their securities fraud claim.

**Exhibits 7, 12-13, 41, 53-56, 59**. These SEC filings are properly incorporated by reference because they form the basis of Plaintiffs' claims. *See* AC ¶ 288 (Exs. 7, 12-13, 41, 53-56, 59), ¶ 215 (Ex. 7). Exhibits 7, 12-13, 41, 53-56, and 59 form the basis of the claims in the AC because Plaintiffs allege that these 10-K and 10-Qs include purportedly false and misleading statements about the impact of COVID-19 on the ESSENCE trial. *See* AC ¶ 288-89. Additionally, Exhibit 7 forms the basis of the claims in the AC because Plaintiffs allege that this filing contains a purportedly false and misleading statement about Sarepta's regulatory compliance. Courts regularly deem SEC filings in which Plaintiffs allege a misleading statement to be incorporated by reference. *See* AC ¶ 215; *see also, e.g.*, *Leung v. bluebird bio, Inc.*, 599 F. Supp. 3d 49, 57 (D.

Mass. 2022) (incorporating SEC filings featured in plaintiff's complaint for consideration at the motion to dismiss stage); *Homology*, 2024 WL 1436025, at * 1 (same).

**Exhibits 8, 10, 16, 19, 27-28, 31, 34, 39-40, 42-50, 52, 57-58**. These exhibits consist of investor call and conference presentation transcripts, referred to throughout Plaintiffs' complaint. They are similarly incorporated by reference because Plaintiffs allege these transcripts contain purportedly false and misleading statements (Exs. 8, 10, 16, 19, 27-28, 31, 40, 42-50, 52, 57-58) or rely on them to support their allegations that statements were supposedly false when made (Exs. 34, 39-40). *See* AC ¶ 218 (Ex. 8); ¶¶107, 273 (Ex. 10); ¶¶ 229-31 (Ex. 16); ¶¶ 159-61 (Ex. 19); ¶¶ 63, 224 (Ex. 27); ¶¶ 107, 214, 269-70, 293 (Ex. 28); ¶¶ 107, 233, 275-78, 294-95 (Ex. 31); ¶¶ 162, 266 (Ex. 34); ¶¶ 20, 125, 179, 308 (Ex. 39); ¶¶ 195, 240, 285 (Ex. 40); ¶ 216 (Ex. 42); ¶¶ 220-22, 272, 293 (Ex. 43); ¶ 225 (Ex. 44); ¶¶ 226-27 (Ex. 45); ¶ 234 (Ex. 46); ¶¶ 236-38, 279-82, 294 (Ex. 47); ¶ 241 (Ex. 48); ¶¶ 243, 286, 294 (Ex. 49); ¶¶ 247-53, 294 (Ex. 50); ¶ 283 (Ex. 52); ¶ 293 (Ex. 57); ¶ 294 (Ex. 58). Courts regularly treat investor call and conference presentation transcripts as incorporated by reference when Plaintiffs allege those transcripts contain a false or misleading statement—or are otherwise relevant to their securities-fraud claims. *See, e.g.*, *Leung*, 599 F. Supp. 3d at 57 (incorporating "analyst conference call transcripts" featured in plaintiff's complaint for consideration at the motion to dismiss stage); *Pension Tr. v. J.Jill, Inc.*, 360 F. Supp. 3d 17, 22 n.1 (D. Mass. Dec. 20, 2018) (similar).

**Exhibits 5, 9, 17-18, 20, 51**. These exhibits consist of Sarepta's press releases referred to throughout Plaintiffs' complaint. They are incorporated by reference because Plaintiffs allege they contain materially false or misleading statements (Exs. 5, 9, 20, 51) or rely on them to support their allegations of loss causation (Ex. 17-18). *See* AC ¶¶ 212-13 (Ex. 5); ¶ 219 (Ex. 9); ¶¶ 245-46, 297 (Ex. 17); ¶¶ 153, 304 (Ex. 18); ¶ 162 (Ex. 20); ¶ 255 (Ex. 51). Courts regularly consider such press releases incorporated by reference. *See, e.g.*, *Miller Inv. Tr. v. Morgan Stanley & Co., LLC*, 308 F. Supp. 3d 411, 446 (D. Mass. 2018) (incorporating by reference press release plaintiffs claimed to be the corrective disclosure); *Homology*, 2024 WL 1436025, at *1 (deeming defendant's press release incorporated by reference).

## C.     All Exhibits Are Properly Subject to Judicial Notice

Separately, all documents submitted in connection with Defendants' Motion—Exhibits 1 through 59—are subject to judicial notice because each is a matter of "public record[]" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Licht v. Binance Holdings Ltd.*, 2025 WL 625303, at *3 (D. Mass. Feb. 5, 2025), *report and recommendation adopted*, 2025 WL 624025 (D. Mass. Feb. 26, 2025); *see also* Fed. R. Evid. 201(b)(2) (same). Indeed, other Courts in this District and the First Circuit have previously taken judicial notice of analogous documents in other securities-fraud cases—and nothing supports a different decision here. *See, e.g.*, *Archdiocese of Milwaukee Supporting Fund v. Invs. Fin. Servs. Corp.*, 2007 WL 9797807, at *2 (D. Mass. July 31, 2007) (taking judicial notice of SEC filings and a stock price chart); *Leung*, 599 F. Supp. 3d at 57-58 (taking judicial notice of SEC filings and FDA documents); *In re Cerence Stockholder Derivate Action*, 2025 WL 1707230, at *2 n.2 (D. Mass. June 18, 2025) ("As it may, the Court takes judicial notice of the public SEC filings, earnings call transcripts, and press releases[.]"); *Pierantoni v. Corcept Therapeutics Inc.*, 640 F. Supp. 3d 197, 205 (D. Mass. 2022) (taking judicial notice of "government records publicly available on the FDA website"); *Hagerty*, 95 F. Supp. 3d at 256 (courts may take "judicial notice of 'the fact that press coverage contained certain information'").

**SEC Filings (Exhibits 7, 12-13, 37-38, 41, 53-56, 59)**. Courts regularly take judicial notice of SEC filings in connection with motions to dismiss in securities cases. *See, e.g.*, *Sarepta Therapeutics*, 2015 WL 1505693, at *5 n.4 ("Sarepta's public filings with the [SEC] are clearly ones in which the court may take judicial notice"); *Guerra v. Teradyne Inc.*, 2004 WL 1467069, at *2 (D. Mass. Jan. 16, 2004) ("[i]t is clear that the court may take judicial notice of [] SEC filings"); *In re Stone & Webster, Inc., Sec. Litig.*, 253 F. Supp. 2d 102, 128 n.11 (D. Mass. 2003) (a district court may take judicial notice of "documents required to be filed, and actually filed, with the SEC on a motion to dismiss"). Exhibits 7, 12-13, 37-38, 41, 53-56, and 59 are documents that were filed publicly with the SEC. None of which is subject to reasonable dispute, and each is

capable of accurate and ready determination via the SEC's public website at www.sec.gov/edgar. Accordingly, the Court may take judicial notice of these exhibits.

**Investor Call and Conference Transcripts (Exhibits 2, 8, 10, 16, 19, 27-29, 31, 34, 36, 39-40, 42-50, 52, 57-58)**. These publicly available earnings, investor call, and conference transcripts are properly subject to judicial notice to show what was publicly disclosed or otherwise in the public realm at a given time. *See, e.g.*, *In re Cerence Stockholder Derivative Action*, 2025 WL 1707230, at *2 n.2 (taking judicial notice of investor call transcripts).

**Press Releases (Exhibits 5, 9, 11, 17-18, 20-21, 26, 30, 32-33, 51)**. Sarepta's press releases are properly subject to judicial notice for the fact that the releases were issued on the dates set forth therein, and that the released information was publicly available. *See e.g.*, *Madison v. Cruz*, 393 F. Supp. 3d 135, 137 n.2 (D. Mass. 2019) ("courts have also taken judicial notice of newspaper articles and press releases"); *Gallagher v. J.P. Morgan Chase Bank, N.A.*, 2022 WL 1538923, at *3 n.1 (D. Mass. May 16, 2022) (taking judicial notice of a press release).

**FDA Materials (Exhibits 1, 3-4, 14-15, 24-25)**. These FDA materials, which are publicly available on the FDA's website, are likewise properly subject to judicial notice. *See, e.g.*, *Corcept Therapeutics*, 640 F. Supp. 3d at 205 (taking judicial notice of "government records publicly available on the FDA website"); *In re Fruit Juice Prods. Marketing & Sales Practices Litig.*, 831 F. Supp. 2d 507, 509 (D. Mass. 2011) (same); *Doyle v. Bayer Corp.*, 2025 WL 1666261, at 3 n.1 (W.D. Wash. June 12, 2025) (taking judicial notice of FDA documents); *Albrigo v. Chobani, LLC*, 2025 WL 1930007, at *3 (S.D. Cal. July 11, 2025) (holding that FDA warning letters were "judicially noticeable as records of an administrative body").

**News Articles (Exhibits 22-23)**. Similar to earnings calls, the news articles cited in Defendants' Motion are subject to judicial notice "for the *fact* that press coverage contained certain information, without regard to the truth of their contents." *Hagerty*, 95 F. Supp. 3d at 256 (quoting *Staehr v. Hartford Fin. Servs. Grp. Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)); *United States ex rel. CVS Caremark Corp.*, 827 F.3d 201, 207-08 (1st Cir. 2016) (taking judicial notice of "news articles").

**Drug Label (Exhibit 6)**. Courts in this district take judicial notice of FDA-approved drug labels. *See, e.g.*, *In re Celexa & Lexapro Mktg. & Sales Practices Litig.*, 2015 WL 3751422, at \*3 (D. Mass. June 15, 2015) (taking judicial notice of "four FDA-approved drug labels") (citing *Plumlee v. Pfizer, Inc.*, 2014 WL 4275519, at \*4 n.2 (N.D. Cal. Aug. 29, 2014)).

**Stock Price Chart (Exhibit 35)**. Documents "showing historical stock prices" are subject to judicial notice. *See, e.g.*, *Investors Fin. Servs. Corp.*, 2007 WL 9797807, at \*2 ("Finally, because the stock price data contained on the Bloomberg chart is not subject to reasonable dispute, this court will consider it to the extent that it is relevant.").

## III.    CONCLUSION

For all the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1 through 59 in assessing their Motion to Dismiss.

Dated: March 9, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ *Shlomo Fellig*
Shlomo Fellig (BBO# 699643)
LATHAM & WATKINS LLP
200 Clarendon Street
Boston, MA 02116
Tel: (617) 948-6000
Fax: (617) 948-6001
Email: shlomo.fellig@lw.com

Sarah A. Tomkowiak (pro hac vice)
Susan E. Engel (pro hac vice)
Richard Frohlichstein (pro hac vice)
555 Eleventh Street, NW, Suite 1000
Washington, D.C. 20004
Tel: (202) 637-2200
Fax: (202) 637-2201
Email: sarah.tomkowiak@lw.com
          susan.engel@lw.com
          richard.frolichstein@lw.com

Michele D. Johnson (pro hac vice)
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626
Tel: (714) 540-1235
Fax: (714) 755-8290
Email: michele.johnson@lw.com

Nicholas Rosellini (pro hac vice)
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095
Email: nick. rosellini@lw.com

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

 I hereby certify that this document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent on March 9, 2026 to those identified as non-registered participants.

/s/ *Shlomo Fellig*
Shlomo Fellig
